## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUSTIN D. COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-1109-EFM-KGG |
| | ) |
| CHRISTIE ANN KREBS, *et. al,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## REPORT & RECOMMENDATION FOR DISMISSAL

Plaintiff's federal court Complaint alleges employment discrimination under

Title VII as well as the Age Discrimination in Employment Act and the Americans

with Disabilities Act.  (*See generally*, Doc. 1.)  In conjunction with his federal

court Complaint, Plaintiff has filed a Motion to Proceed Without Prepayment of

Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of

Financial Status (Doc. 3-1, sealed).  Having reviewed Plaintiff's motion, as well as

his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for

*IFP* status but **recommends** Plaintiff's claims be dismissed for failure to state a

viable federal cause of action.

### A.      Motion to Proceed *IFP.*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 40 years old and divorced, with no dependents.  (Doc. 3-1, sealed, at 1-2.)  Plaintiff is currently unemployed, most recently working for Rebel Staffing for six months as a traveling LPN/charge nurse earning a modest income.  (*Id*., at 2-3.)  He lists no current income from other sources.  (*Id*., at 5.)  He owns a modest home and automobile with little equity.  (*Id*., at 3-4.)  He lists the typical monthly expenses, including reasonable amounts for rent, groceries, gas, automobile insurance, and

utilities, as well as consumer debt and a significant amount in student loans. (*Id.*, at 5.) He indicates a small amount of cash on hand. (*Id.*, at 4.) He has never filed for bankruptcy. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* (Doc. 3, sealed).

**B.      Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804

F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  ***Hall***,

935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).   Rule 8(a) requires three minimal pieces of information in order to provide such notice to the

defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff's causes of action relate to allegedly false drug-seeking reports made against him by Defendants and the resulting investigation.  Plaintiff indicates that the events giving rise to his complaint occurred in September, 2010.

Simply stated, even assuming Plaintiff has stated an otherwise viable cause of action, any such claims would be barred by the applicable statute of limitations as the events alleged occurred almost six years ago in 2010.  The Court finds that Plaintiff has failed to state a claim on which relief may be granted, requiring a recommendation to the District Court of Plaintiff's claims pursuant to 28 U.S.C. §1915(e)(2).  This Court therefore **recommends** to the District Court that the case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be

**DISMISSED** for the failure to state a claim on which relief may be granted.  The

Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall

be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1),

Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days**

after service of a copy of these proposed findings and recommendations to serve

and file with the U.S. District Judge assigned to the case, his written objections to

the findings of fact, conclusions of law, or recommendations of the undersigned

Magistrate Judge.  Plaintiff's failure to file such written, specific objections within

the 14-day period will bar appellate review of the proposed findings of fact,

conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 27th day of April, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

7